**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-11-00640-TUC-CRP |
| Plaintiff, | |
| vs. | **ORDER AND DEFAULT JUDGMENT** |
| 1999 Chevrolet Tahoe, VIN 1GNEK13R7XJ487970, | |
| Defendant. | |

The United States commenced this civil forfeiture action in October 2011. Doc. 1. The government seeks the forfeiture of a 1999 Chevrolet Tahoe on the ground that on June 5, 2011, the vehicle was involved in offenses relating to unlawful transportation of an alien into or within the United States, 8 U.S.C. § 1324(a)(1)(A). *Id*. at 1-2. The vehicle presently is in the custody of the United States Customs and Border Protection within this Court's jurisdiction. *Id*. at 2.

Believing that Brian Edmiston may claim an interest in the vehicle, *see id*., the government provided him written notice of this action and posted the action on the website www.forfeiture.gov. Docs. 6, 7. Edmiston has filed no claim. The Clerk has entered his default as to any interest he may have in the defendant property pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Doc. 9.

The government has filed a motion for default judgment against Edmiston and all other persons who may claim an interest in the defendant property. Doc. 10. No response has been filed, and the time for doing so has expired. *See* LRCiv 7.2(c). For reasons stated below, the Court will grant the motion.

Because Edmiston's default has been entered under Rule 55(a), and given that no other person has filed a claim or otherwise appeared in this action, the Court has discretion to grant default judgment pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors to be considered in deciding whether to grant default judgment include the possibility of prejudice to the government absent a default judgment, the merits of the forfeiture request, the sufficiency of the complaint, the monetary value at stake, the possibility of a dispute concerning material facts, whether default was due to excusable neglect, and the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(b)(6).

Having considered the government's motion and relevant *Eitel* factors, and having reviewed the verified complaint and supporting affidavit (Doc. 1-2), the Court concludes that default judgment is appropriate. The Court will grant default judgment against Edmiston and all other persons who may claim an interest in the defendant property. *See* 8 U.S.C. § 1324(b); *United States v. One 2003 Kenworth Tractor*, No. C-06-536, 2007 WL 1467085, at *5 (S.D. Tex. May 15, 2007) (granting default judgment with respect to forfeiture of tractor-trailer allegedly involved in alien smuggling); *United States v. $86,496.00*, No. CV-07-1693-PHX-DGC, 2008 WL 2039355, at *2-4 (D. Ariz. May 12, 2008) (discussing the legal significance of failing to file a proper claim to the defendant property).

The government requests the issuance of a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 (Doc. 10 at 2), but makes no argument in support of this request. Section 2465 relates to the return of property to a claimant and liability for wrongful seizure. Given that default judgment will be entered in favor of the government, the statute seems inapplicable. The government's request is denied.

**IT IS ORDERED:**

1. Plaintiff United States of America's motion for default judgment (Doc. 10) is granted.

2. Pursuant to Rule 55(b), default judgment is entered in favor of the United States and against Brian Edmiston and all other persons who may claim an interest in Defendant 1999 Chevrolet Tahoe, VIN 1GNEK13R7XJ487970.

3. Defendant 1999 Chevrolet Tahoe, VIN 1GNEK13R7XJ487970, is forfeited to the United States.

4. The Clerk is directed to terminate this action.

DATED this 6th day of January, 2012.

*Charles R. Pyle*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE